# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORTHEAST LAND DEVELOPMENT, LLC,** | : | No. 3:08cv290 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **CITY OF SCRANTON, JUDY GATELLI, WILLIAM COURTRIGHT, JANET EVANS, SHERRY NEALON FANNUCI, and ROBERT MCTIERNAN,** | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is defendants' motion to dismiss and motion for a more definite statement (Doc. 10). Having been fully briefed, the matter is ripe for disposition.

**Background**

The instant action arises from a land-use dispute between the plaintiff and the defendant city. Plaintiff entered into an agreement of sale with Lackawanna Energy, Ltd. and Plum Realty for the purchase of a 25-acre parcel situated in Scranton, Pennsylvania. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 12). This parcel was located in a Keystone Opportunity Zone. (Id.). After entering into this agreement, plaintiff submitted to the City of Scranton for approval a subdivision plan for the

property. (Id. at ¶ 13). The plan designated the property as The Village at Tripp Park Phase III ("Phase III"). (Id.). The proposed Village at Tripp Park Phase III was located next to the Village at Tripp Park Phase II ("Phase II") and the Village at Tripp Park Phase I ("Phase I"). (Id. at ¶ 14). CIDC1, a subsidiary of Community Development Initiatives Corporation, developed Phase I and Northeast Land Development developed Phase II. (Id.).

On February 16, 2007, a resolution authorizing the Mayor and appropriate officials from the City of Scranton to enter into a developer's agreement with the plaintiff for approval of Phase III was introduced before the Scranton City Council. (Id. at ¶ 15). The Planning Commission of the City of Scranton had previously considered the proposed development and subdivision. (Id. at ¶ 16). The Planning Commission had determined that the development was consistent with the City's Comprehensive Plan and the applicable City regulations. (Id.).

Before this council meeting, Defendant Judy Gatelli met with Christopher Speicher, a managing member of the plaintiff firm. (Id. at ¶ 17). She submitted to him a list of items that had not been completed in the Phase I project. (Id.). At the February 16, 2006 council meeting, Gatelli told the council that if Speicher did not complete this list of tasks and another list of tasks provided by City Engineer Christopher Speicher she would recommend that the City Council table the developer's agreement pending between the City and plaintiff. (Id. at ¶ 18). The council ultimately tabled the agreement. (Id. at ¶). The City Council's action left

plaintiff unable to close on the purchase of the property in question.  (Id. at ¶ 19).  Plaintiff alleges that the individual defendants have all privately and publicly expressed an "animosity and disdain" to using Keystone Opportunity Zones for residential development and towards such Opportunity Zones altogether.  (Id. at ¶ 20).

Plaintiff also alleges that the City and the individual defendants "acted in an arbitrary, capricious and irrational manner" to coerce plaintiff to complete portions of the Phase I project, even though plaintiff had not developed that project.  (Id. at ¶ 21).  These actions prevented plaintiff from using the property it had purchased in the way plaintiff intended.  (Id. at ¶ 22).  Similarly, the defendants placed arbitrary and capricious conditions on the approval of the development agreement for Phase III in order to coerce plaintiff into performing work on Phase I.  (Id. at ¶ 24).  These conditions made use of the property plaintiff had purchased for Phase III impossible.  (Id.).

On February 14, 2008, plaintiff filed the instant one-count complaint in this court. (Doc. 1).  The complaint states that plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 for violations of plaintiff's rights pursuant to the Fourteenth Amendment to the United States Constitution.  Plaintiff alleges that defendants "acted individually and in concert with each other and in an arbitrary, capricious and irrational manner" to prevent plaintiff from using its property "in profound violation of Plaintiff's procedural and substantive due process rights pursuant to the Fourteenth

3

Amendment." (Complt. at § 25). Plaintiff also appears to allege that defendants coerced plaintiff into performing work which he had no responsibility to complete in violation of his substantive due process rights under the Fourteenth Amendment. (Id. at § 26). Finally, plaintiff appears to allege that defendants violated the laws of the City of Scranton and the Commonwealth of Pennsylvania, thus "acting in an arbitrary, capricious and irrational manner," abusing their power in a conscience-shocking fashion, and violating his substantive due process rights pursuant to the Fourteenth Amendment. (Id. at § 27).

Defendants filed the instant motion to dismiss and motion for a more definite statement on March 17, 2008. The parties then briefed the issues, bringing the case to its present posture.

**Jurisdiction**

Because this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

The case is before this court in part on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In

deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Defendants also filed a motion for a more definite pleading pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) establishes that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). Such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." Schadler v. Eagle Publications, Inc., 370 F.2d 795, 798 (3d Cir. 1967); see also Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 850 (M.D. Pa. 1985).

**Discussion**

The defendants treat plaintiff's claim as attempting to state causes of action for violations of his substantive and procedural due process rights in the City of Scranton's land-use decisions. The court will address each type of due process claim in turn.

**i. Procedural Due Process**

Defendants argue that plaintiff cannot make out a procedural due process

5

claim because plaintiff was provided all the process it was due under Pennsylvania law. Plaintiff's claim here is related to the land-use decisions made by the City, which it contends were arbitrary and irrational and designed to prevent him from making use of the property it had contracted to purchase.  The Third Circuit has found that "[t]o establish a cause of action for violation of procedural due process, a plaintiff in addition to proving that a person acting under color of state law deprived it of a protected property interest, must establish that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process." Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 680 (3d Cir. 1991). "In Pennsylvania the procedure for challenging zoning ordinances substantially conforms with the general due process guidelines enunciated by the Supreme Court."  Rogin v. Bensalem Twp., 616 F. 2d 680, 695 (3d Cir. 1980); Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1294 (3d Cir. 1993) (finding that the appeals process applied through Pennsylvania's zoning hearing board is "a scheme we have held to be consistent with due process.").  Further, "when a state 'affords a full mechanism with which to challenge the administrative decision' in question, the state provides adequate procedural due process, whether or not the plaintiff avails him or herself of the provided appeal mechanism."  DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995) (quoting Midnight Sessions, 945 F.2d at 682).

The parties do not appear to dispute that the case involves state action or a protected property interest.  Plaintiff here complains about the Scranton City

Council's failure to approve a development agreement for plaintiff's subdivision plan, even though the City's Planning Commission had approved the project. The plaintiff's complaint, therefore, is not with the zoning decision itself, but with the failure of the City Council to consider an agreement designed to enact a zoning decision already made. This failure, plaintiff contends, caused him to lose his ability to pursue the project. The allegation, then, is that plaintiff did not receive any process once the City Council decided not to consider his development plan. In cases where the plaintiff alleges that process was insufficient, the court must "look to the private interest, the governmental interest, and the value of the available procedure in safeguarding against erroneous deprivation." Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 421 (3d Cir. 2000). This process is context-specific, and "'calls for such procedural protections as the particular situation demands.'" Id. (quoting Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 12-13 (1979)). While discovery may reveal that plaintiff did receive process on his plan, the allegations in the complaint indicate that the City Council allowed plaintiff's plan to die without acting on it, thus preventing the plaintiff from gaining any review. Depending on the context, such process may have been insufficient. Such allegations therefore state a claim for procedural due process, and the court will deny the motion to dismiss on this point.

### ii. Substantive Due Process

Defendants argue that plaintiff has not alleged that they engaged in any

"conscience shocking" behavior, and thus have not stated a substantive due process claim. Courts have determined that substantive due process rights are violated by state actors only when those actors' behavior "shocks the conscience." The United States Supreme Court has defined such behavior as "conduct intended to injure in some way unjustifiable by any government interest." County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998). Conscience-shocking behavior consists of "only the most egregious and arbitrary official conduct." Assocs. in Obstetrics & Gynecology v. Upper Merion Twp., 270 F. Supp. 2d 633, 654 (E.D. Pa. 2003). Behavior that shocks the conscience depends on the facts of the case, and the court's "concern with preserving the constitutional proportions of substantive due process demands an exact analysis of the circumstances before any abuse of power is condemned as conscience-shocking." Id.; See also United Artists Theatre Circuit v. Twp. of Warrington, 316 F.3d 396, 399-400 (3d Cir. 2003) (holding that "executive action violates substantive due process only when it shocks the conscience but that the meaning of this standard varies depending on the factual context.").

Zoning decisions can fall under this standard when government action to restrict use is "arbitrary and irrational." Neiderhiser v. Borough of Berwick, 840 F. 3d 213, 218 (3d Cir. 1988) (finding that a denial of a permit for building a store was "arbitrary and irrational" because the only reason for denial was the fact that the video store offered pornographic films); see also Indep. Enters. Inc. v. Pittsburgh Water and Sewer Auth., 103 F. 3d 1165, 1180 (3d Cir. 1997) (holding that a

8

substantive due process claim applies only when a constitutionally protected interest like landownership is involved, even if the decision appears "arbitrary and irrational."). When substantive due process standards are applied to zoning decisions, a plaintiff must allege more than "the kind of disagreement that is frequent in planning disputes." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004). To implicate due process, such a claim must contain "allegations of corruption or self-dealing" or evidence that officials tried "to hamper development in order to interfere with otherwise constitutionally protected activity at the project site, or" had "some bias against an ethnic group," or performed a "virtual 'taking.'" Id.; see also Maple Props., Inc. v. Twp. of Upper Providence, 151 Fed. Appx. 174, 179 (3d Cir. 2005) (finding that zoning decision violate due process when they involve "corruption, self-dealing, or a concomitant infringement on other fundamental individual liberties, resulting in harms that cannot be adequately rectified by pre- or post-deprivation proceedings.").

    The court will grant the motion to dismiss on these grounds. Plaintiff has alleged that the decision to deny the permit in question was arbitrary and irrational, motivated by improper purposes on the defendants' part. The complaint alleges that defendants' actions were motivated in part by a bias against certain types of housing. A desire to limit a community to certain types of housing, however, implicates only the sort of dispute common to zoning decisions. The parties here disagreed over the desirability of a particular project, and defendants allegedly used

9

means at their disposal to prevent that project from going forward.  No allegations of corruption, self-dealing, virtual taking or an ethnic or racial bias exist here.  Accordingly, plaintiff has not stated a substantive due process claim.

### iii.  Individual Defendants

The defendants argue that the individual defendants should be dismissed from the case because they are entitled to either legislative or quasi-judicial immunity for their actions.  The Supreme Court has found that "local legislators are . . . absolutely immune from suit under § 1983 for their legislative activities."  Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998) .  This immunity applies "to all actions taken "in the sphere of legitimate legislative activity.'"  Id. at (quoting Tenney v. Brandhove, 341 U.S.  367, 376 (1951)).  "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."  Id. at 54.  The Court has found that the "acts of voting for an ordinance [are], in form, quintessentially legislative."  Id. at 55.

Though plaintiff complains about the motivation behind the individual defendants' actions–their animosity to certain forms of development–its complaint is grounded in the action that defendants took in tabling the motion to approve the development plan.  Since voting on a development plan–or choosing not to vote on that plan–is the sort of act that the Supreme Court has found "in form, quintessentially legislative," this court finds that the individual defendants are absolutely immune from all claims against them in this case.  See Baraka v.

10

McGreevey, 481 F.3d 187, 196 (3d Cir. 2007) (finding that "activities by legislators that directly affect drafting, introducing, debating, passing or rejecting legislation, are 'an integral part of the deliberative and communicative processes,' and are properly characterized as legislative, not political patronage." (quoting United States v. Brewster, 408 U.S. 501, 512 (1972)).  The court will therefore grant the motion to dismiss Defendants Gatelli, Courtwright, Evans, Fannuci and McTiernan.

### iv. Motion for a more definite statement

The defendants also move for the court to order plaintiff to file a more definite statement of its claims.  While the court sympathizes with the defendants' complaint that the claim is poorly drawn and organized, the court finds that the claims are not so vague that the defendants are unable to discern the causes of action raised against them.  The parties appear to agree that plaintiff's claim raises causes of action pursuant to 42 U.S.C. § 1983 for violations of plaintiff's substantive and procedural due process rights.  Defendants have raised objections to all of the plaintiff's claims, and have thus demonstrated that a more definite statement is unnecessary.  Accordingly, the court will deny the defendants' motion.

**Conclusion**

For the reasons stated above, the court will grant the defendants' motion to dismiss in part and deny it in part.  The individual defendants will be dismissed from the complaint.  The motion to dismiss will denied in all other respects.  The defendants' motion for a more definite statement will also be denied. An appropriate

order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORTHEAST LAND DEVELOPMENT, LLC,** | : | No. 3:08cv290 |
| **Plaintiff** | : | (Judge Munley) |
| v. | : | |
| **CITY OF SCRANTON,** | : | |
| **JUDY GATELLI,** | : | |
| **WILLIAM COURTRIGHT,** | : | |
| **JANET EVANS,** | : | |
| **SHERRY NEALON FANNUCI, and** | : | |
| **ROBERT MCTIERNAN,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 21st day of November 2008, the defendants' motion to dismiss and motion for a more definite statement (Doc. 10) is hereby **GRANTED** in part and **DENIED** in part.  The motion to dismiss is **GRANTED** with respect to Defendants Gatelli, Courtright, Evans, Fannuci and McTiernan, and those parties are **DISMISSED** from the case.  The motion is also **GRANTED** with respect to plaintiff's substantive due process claim.  It is **DENIED** in all other respects.  The motion for a more definite statement is **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**