# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHEAST LAND DEVELOPMENT, LLC, <br> **Plaintiff** <br> v. <br> **CITY OF SCRANTON,** <br> **Defendant** | No. 3:08cv290 <br> (Judge Munley) |

## **MEMORANDUM & ORDER**

Before the court for disposition is the defendant's motion for reconsideration of our order denying the defendant's motion for summary judgment and granting, in part, and denying, in part, the plaintiff's motion for summary judgment. The motion has been fully briefed and is ripe for disposition.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Defendant City of Scranton ("the City") argues that the court must reconsider whether the doctrine of collateral estoppel precludes a finding that Plaintiff Northeast Land Development, LLC ("NE Land") had a

protected property interest in light of the Commonwealth Court of Pennsylvania's affirmance of a decision of the Court of Common Pleas of Lackawanna County. (See Medallis v. Northeast Land, City of Scranton, et al., 1479 C.D. 2009 (Pa. Commw. Ct. July 23, 2010) (Simpson, J.) (Doc. 60-2); Medallis v. Northeast Land, et al., No. 2003 EQ 60063 (Pa. Com. Pl., Lackawanna County December 4, 2008) (Minora, J.) (Doc. 41-38)). Specifically, the City contends that, "[t]o the extent that this newly established state law impacts the existence of a protected property interest, it must be considered by this Court." (Def.'s Br. Supp. Mot. Recon. 3 (Doc. 61)). Thus, the City's motion is presented as an intervening change of controlling law. See Max's Seafood Cafe, 176 F.3d at 677.

In some respects, this motion represents an argument already raised in the City's motion for summary judgment and at oral argument. In addressing the City's argument at the summary judgment stage, we stated:

> The City argues that this court is bound by principles of collateral estoppel to adopt facts found by Judge Minora in a state court action to which NE Land and the City were defendants. (*See Medallis v. Northeast Land, et al.*, 2003 EQ 60063 (Lacka.Co. December 4, 2008) (Minora, J.) (Doc. 41-38)). Generally, the City argues that we must adopt the following facts: (1) that Speicher, as an agent or member of the various entities, was involved in the development of all three phases of the Village at Tripp Park; (2) that the development of the Village at Tripp Park Phases I and II increased the volume of runoff water, overwhelming other neighborhoods; and (3) that the construction of the Village at Tripp Park departed from its design in ways that exacerbated storm water impact. Only the first fact is relevant to this motion for summary judgment, and it is not in dispute. The second and third facts are not relevant to whether NE Land's claim for procedural due process presents a genuine issue of material fact and we decline to adopt them at this time.

Northeast Land Development, LLC v. City of Scranton, 728 F. Supp. 2d 617, 622, n.4 (M.D. Pa. 2010).

Initially, we must state that the Pennsylvania Commonwealth Court's affirmance cannot properly be considered "newly established state law," insofar as the decision of the Court of Common Pleas of Lackawanna County already represented state law on the issues of fact and law contained therein. Thus, formally speaking, the affirmance does not alter our prior analysis quoted above.

First, it remains undisputed that Scott Speicher was involved in all phases of development. Second, the findings of fact that Phases I and II increased runoff water and that the village departed from its design to exacerbate storm water impact do not properly inform the court's analysis of NE Land's procedural due process claim. Most simply stated, the issue presented to the Court of Common Pleas and subsequently affirmed by the Commonwealth Court was not whether NE Land had a protected property interest in an approved development plan or whether the procedures available to NE Land provided due process of law. Stated another way, the issue presented in our case is not whether, "the development of the Village at Tripp Park Phases I and II increased the volume of runoff water, overwhelming other neighborhoods" or whether, "the construction of the Village at Tripp Park departed from its design in ways that exacerbated storm water impact." Therefore, collateral estoppel is not appropriate. See Prusky v. Reliastar Life Ins. Co., 502 F. Supp. 2d 422, 429-30 (E.D. Pa. 2007) (quoting Office of Disciplinary Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005) ("'The doctrine of collateral estoppel precludes relitigation of an issue determined in a previous action if: (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is

asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.'").

The City proceeds to argue, however, that even if collateral estoppel is inappropriate, this court must still reconsider whether the NE Land had a protected property interest in an approved development plan given the Commonwealth Court's affirmance of order the Court of Common Pleas which enjoined NE Land from further development of the Village at Tripp Park before remediation of the drainage problems.[1]  The City argues that "NE Land cannot maintain that it was deprived of a protected property interest when in fact it has no legal right or entitlement to develop the Village at Tripp Park.  There exists no constitutionally protected property interest to develop a property when the State Court has enjoined a party from conducting that development." (Def.'s Br. Supp. Mot. Recon. 10 (Doc. 61)).

We decline to infer that legal conclusion from the affirmed injunction. This court satisfied itself, upon the entire record, including the injunction imposed by Judge Minora, that genuine issues of material fact existed as

---

[1] The relevant portion of the order of the Court of Common Pleas states:
> The Developer Defendants, [including NE Land,] are individually and collectively enjoined from any further development of the "Village at Tripp Park" until the storm water issues subject to this lawsuit are addressed, abated and corrected so as to cause water to remain in their designated channels and not run off onto the land of private land owners such as Plaintiffs.

(Medallis v. Northeast Land, et al., No. 2003 EQ 60063 (Lacka.Co. December 4, 2008) (Minora, J.) (Doc. 41-38 at9)).

4

to whether the plaintiff was deprived of a protected property interest without due process of law.  As noted above, with respect to the affirmance of the findings of fact of the Court of Common Pleas, the Commonwealth Court's affirmance of the injunction does not present a basis upon which a motion for reconsideration would be granted: there has been no change in the facts or law before the court, and there has been no manifest injustice.  See Max's Seafood Cafe, 176 F.3d at 677.

Most succinctly, the City argues that NE Land has no protected property interest because it "has absolutely no entitlement to develop Phase 3 of the Village at Tripp Park." (Def.'s Br. Supp. Mot. Recon. 11 (Doc. 61) (citing Montanye v. Wissachickon Sch. Dist., 2003 U.S. Dist. LEXIS 15570 (E.D. Pa. Aug. 11, 2003) ("The hallmark of a constitutionally protected property interest is an individual entitlement that cannot be removed except for cause.")).  The City's statement is either inaccurate or incomplete.  While the injunction means that NE Land may not be entitled to develop the land immediately or without satisfying prerequisites, the injunction does not preclude development absolutely.  It simply precludes development "until" the terms of the injunction are complied with.  Accordingly, the injunction, in and of itself, does not warrant reconsideration of whether genuine issues of material fact exist on NE Land's alleged protected property interest and the adequacy of the procedure it was afforded.

For the reasons stated above, it is HEREBY **ORDERED** that the Defendant City of Scranton's motion for reconsideration (Doc. 60) of our order (Doc. 59) denying the defendant's motion for summary judgment and granting, in part, and denying, in part, the plaintiff's motion for summary judgment is **DENIED**.

**DATED: February 7, 2011**     **BY THE COURT:**

**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY
United States District Court**